IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:17-cr-103 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion to Transfer to |
| Craig Williams, | : | Home Confinement |
| | : | |
| Defendant. | : | |

This matter is before the Court on the *pro se* letter from Defendant Craig Williams dated May 16, 2022 which was filed into the CM/ECF record and is being treated as a motion. (Doc. 68.) Williams requests the Court to transfer him to home confinement for the remainder of his sentence. For the reasons that follow, the Court will deny Williams's *pro se* motion.

I.. **GUILTY PLEA AND SENTENCING**

Williams pleaded guilty on February 14, 2018 to one count of distribution and attempted distribution of carfentanil and one count of possession with intent to distribute heroin, both in violation of 21 U.S.C. § 841(a)(l). (Doc. 29.) Williams admitted, pursuant to the Statement of Facts in the Plea Agreement, that law enforcement officers purchased 28 grams of carfentanil from him and recovered "well over" 100 grams of heroin and carfentanil—along with drug processing and packaging materials and at least one firearm—from his residence. (Doc. 29-1 at PageID 60.) Also as part of the Plea Agreement, the parties stipulated that an appropriate sentence included incarceration of at least 60 but no more than 135 months. (Doc. 29 at PageID 56.) Because Williams's wife was gravely ill with breast cancer and because Williams needed to arrange care for his young children, the Court ordered him released on bond pending sentencing and then allowed him to self-report once his sentence had been imposed. (Docs. 38, 52.) He

satisfied all bond conditions and self-reported for incarceration as scheduled.

Williams—citing his personal growth while on bond and desire to legitimately support and care for his family—requested incarceration for no more than 60 months. (Doc. 41.) The United States requested a term of imprisonment of 135 months, followed by at least six years of supervised release. (Doc. 49.) On August 6, 2019, the Court sentenced Williams to incarceration for 72 months, followed by eight years of supervised release with a mandatory employment readiness program. (Doc. 52.) Williams is incarcerated at FCI Fort Dix, and he has an estimated release date of January 22, 2024. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 6/8/2022).

## II. PRIOR MOTIONS FOR COMPASSIONATE RELEASE

The pending motion is not the first time that Williams has requested a release from prison. On May 28, 2020, he filed an Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) so that he could care for his children following the death of his wife and the hospitalization of his mother. (Docs. 60, 61.) The Court denied Williams compassionate release for six reasons: (1) he had a significant prior criminal history; (2) he engaged in extremely serious criminal conduct; (3) he used drug trafficking as his means of financial support in the past and might do so in the future; (4) his sentence was lenient in comparison to similar serious crimes; (5) he had served only 21 months of his sentence on a crime of conviction that carried a statutory minimum sentence of 60 months; and (6) he did not submit documentation regarding his mother's medical condition. (Doc. 64 at PageID 317–319.) Williams then moved for reconsideration and sought to redress the sixth ground for denial by providing supporting medical records. (Docs. 65, 66.) The Court again denied Williams compassionate release reiterating the first through fifth grounds for denial. (Doc. 67.)

**III.     PENDING MOTION**

In the current *pro se* motion, Williams does not request compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), but instead he requests to be transferred to home confinement for the final eighteen months of his sentence. Section 3582(c)(1)(A) provides authority for a Court to reduce a sentence of imprisonment, or to impose a term of probation or supervised release that does not exceed the original term of imprisonment, for extraordinary and compelling reasons.[1] It does not provide authority for the Court to place inmates in home confinement. Rather, "[t]he [Bureau of Prisons], not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) (citing 18 U.S.C. § 3621(b)). It follows that "the authority to grant home confinement remains solely with the Attorney General and the [Bureau of Prisons]." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (citing 18 U.S.C. § 3624(c)(2) and Pub. L. No. 116-136, 134 Stat. 281 (2020)). Also, "the decision to transfer an inmate to home confinement is a matter within the sole discretion of [the Bureau of Prisons], see 18 U.S.C. § 3624(c)(2), and is not subject to judicial review under the Administrative Procedure Act, see 18 U.S.C. § 3625." *United States v. McWherter*, No. 15-20040, 2020 WL 6469936, at *2 (E.D. Mich. Nov. 3, 2020). Accordingly, the Court lacks authority to grant Williams's request to be transferred to home confinement.

---

[1] The Clerk of Court's office docketed the pending motion as a motion for compassionate release in the CM/ECF system. Even if Williams had requested compassionate release, that request would have to be denied. For the reasons stated in the prior Orders, Williams has neither established an extraordinary and compelling ground for release, nor that the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of release. (Docs. 64, 67.)

## IV. CONCLUSION

For the foregoing reasons, Williams's *pro se* motion (Doc. 68) to be transferred to home confinement is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge